IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Criminal Case No. 12-cr-00298

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.     ABDELHAMID M. HORANY,

    Defendant.

---

**PLEA AGREEMENT**

---

The United States of America, by and through Hayden M. Brockett and Timothy J. Stockwell, Trial Attorneys, Department of Justice, Tax Division, and the Defendant, Abdelhamid M. Horany, personally and by counsel, Edward Harris, Assistant Federal Public Defender hereby submit the following Plea Agreement and Statement of Facts Relevant to Sentencing pursuant to D.C.COLO.LCrR 11.1.

### I.   PLEA AGREEMENT

The defendant agrees to plead guilty to Count 1 of the Indictment currently pending against him, which charges a violation of 26 U.S.C. § 7201, Attempt to Evade or Defeat Tax.

The defendant agrees to pay restitution, pursuant to 18 U.S.C. § 3663(a)(3), to the Internal Revenue Service ("IRS") in the amount of all taxes, interest, and penalties

COURT'S EXHIBIT 1

due and owing since tax year 2005, including all taxes, penalties, and interest on the tax due and owing in an amount to be determined by the Court at sentencing. The defendant consents to the entry of an order of restitution in this amount against him by the Court and agrees that this restitution amount results from his conduct as described in Count 1 of the indictment, as well as any relevant conduct as determined by the Court at the time of sentencing.

The defendant agrees to pay restitution in the amount of at least $195,280.73, which consists of the following:

| Tax Year | Amount to be Credited to Tax (Tax Due) | Interest Under Title 26 Due through May 14, 2014[1] | Total with Interest as of May 14, 2014 |
|---|---|---|---|
| 2005 | $29,002 | $13,549.10 | $42,551.10 |
| 2006 | $55,177 | $19,709.82 | $74,886.82 |
| 2007 | $61,936 | $15,906.81 | $77,842.81 |
| | | Total restitution: | $195,280.73 |

The government agrees that the defendant's restitution amount should be reduced by the amount of any payments already made by the defendant on his outstanding tax obligations from conduct relevant to this plea before the time of sentencing.

The defendant agrees to pay restitution in the manner ordered by the court in any restitution order entered pursuant to this plea agreement. If the Court orders the

---

[1] This interest figure has been calculated by the IRS, under 26 U.S.C. 6601 and/or 6621, as of the anticipated date of sentencing. This interest figure does not include any interest that may accrue under 18 U.S.C. 3612.

defendant to pay restitution to the IRS for the failure to pay tax, either directly as part of the sentence or as a condition of supervised release, the IRS will use the restitution order as the basis for a civil assessment. *See* 26 U.S.C. § 6201(a)(4). The defendant does not have the right to challenge the amount of this assessment. *See* 26 U.S.C. § 6201(a)(4)(C). Neither the existence of a restitution payment schedule nor the defendant's timely payment of restitution according to that schedule will preclude the IRS from administrative collection of the restitution-based assessment, including levy and distraint under 26 U.S.C. § 6331.

The defendant agrees that he will sign any forms deemed necessary by the IRS to enable the IRS to make an immediate assessment of any tax, interest, and penalties that he agrees to pay as restitution. The defendant agrees not to file any claim for refund of taxes, interest, or penalties represented by any amount of restitution paid pursuant to this agreement. The defendant agrees that the total amount of restitution reflected in this agreement results from the defendant's fraudulent conduct. The defendant agrees that he is liable for the fraud penalty under 26 U.S.C. §§ 6663 or 6651(f) on the amount to be credited to tax set forth in this agreement. The defendant agrees to the immediate assessment of the fraud penalty on the amount to be credited to tax set forth above and agrees that, in order to enable the IRS to make an immediate assessment of the fraud penalty, the IRS forms he is agreeing to sign in this agreement will include the appropriate amount of the fraud penalty. The defendant agrees not to challenge or dispute any fraud penalties on the amount to be credited to tax set forth in this agreement.

The defendant agrees that nothing in this agreement shall limit the IRS in its lawful examination, determination, assessment, or collection of any taxes, penalties or interest due from the defendant for the time period covered by this agreement or any other time period, and he agrees that this agreement, or any judgment, order, release, or satisfaction issued in connection with this agreement, will not satisfy, settle, or compromise the defendant's obligation to pay the balance of any remaining civil liabilities, including tax, additional tax, additions to tax, interest, and penalties, owed to the IRS for the time period covered by this agreement or any other time period. The defendant also agrees to file complete and accurate tax returns for any outstanding tax years.

The defendant agrees that, unless the Director of the Administrative Office of the United States Courts directs him otherwise, all payments made pursuant to the Court's restitution order are to be sent only to the Clerk of the Court at the following address:

Clerk's Office
Alfred A. Arraj United States Courthouse
Room A-105
901 19th Street
Denver, Colorado 80294-3589

With each payment to the Clerk of the Court made pursuant to the District Court's restitution order, defendant will provide the following information:

   A. Defendant's name and Social Security number;

   B. The District Court docket number assigned to this case;

   C. Tax year(s) or period(s) for which restitution has been ordered; and

D. A statement that the payment is being submitted pursuant to the District Court's restitution order.

The defendant agrees to include a request that the Clerk of the Court send the information, along with defendant's payments, to the appropriate office of the Internal Revenue Service.

The defendant also agrees to send a notice of any payments made pursuant to this agreement, including the information listed in the previous paragraph, to the IRS at the following address:

IRS - RACS
Attn: Mail Stop 6261, Restitution
333 W. Pershing Ave.
Kansas City, MO 64108

The defendant agrees that venue is proper in the District of Colorado for the charge in the Indictment to which he will plead guilty. The defendant further agrees that he waives any challenges that might have to the charge in the Indictment based on any applicable statutes of limitations.

Provided the defendant does nothing inconsistent with accepting responsibility between the date of his plea and the date of sentencing, the government will recommend that the defendant receive the maximum reduction for acceptance of responsibility. Additionally, the government agrees not to pursue further charges against the defendant based on information presently known to the Department of Justice, Tax Division.

The defendant is aware that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Understanding this and in exchange for the concessions

made by the government in this agreement, the defendant knowingly and voluntarily waives the right to appeal any matter in connection with this prosecution, conviction, or sentence unless it meets one of the following three criteria: (1) the sentence imposed is above the maximum penalty provided in the statute of conviction, (2) the court in determining the applicable guideline range departs or varies upward in the offense level or criminal history category, or (3) the court determines that the adjusted offense level is greater than 16 and imposes a sentence based upon that offense level determination. The defendant also knowingly and voluntarily waives the right to appeal the manner in which the sentence is determined on grounds set forth in 18 U.S.C. § 3742 or any ground whatever. The defendant also knowingly and voluntarily waives his right to challenge this prosecution, conviction, or sentence and/or the manner in which it was determined in any collateral attack, including but not limited to a motion brought under 28 U.S.C. § 2255, except on one or more of the following grounds: (1) defense counsel rendered constitutionally deficient representation in connection with defendant's guilty plea and/or sentencing; (2) there is an explicitly retroactive change in the applicable guidelines or sentencing statute, including changes announced in decisions of the United States Supreme Court, or (3) there is a claim of prosecutorial misconduct. Additionally, if the government appeals the sentence imposed by the court, the defendant is released from this appellate waiver.

The parties agree that this plea agreement is contingent upon its approval by the United States Department of Justice, Tax Division and the United States Attorney's Office for the District of Colorado.

This agreement is submitted to the Court for its consideration pursuant to Rule 11(c)(1)(A) and (B) of the Federal Rules of Criminal Procedure.

## II. ELEMENTS OF THE OFFENSE(S)

In order to be convicted of a violation of 26 U.S.C. § 7201 the following elements would have to be proven by the government beyond a reasonable doubt:

*First*: the defendant had a substantial income tax due and owing;

*Second*: the defendant intended to evade and defeat that tax and committed an affirmative act in furtherance of this intent; and

*Third*: the defendant acted willfully, that is, with the voluntary intention to violate a known legal duty.

26 U.S.C. § 7201; *United States v. Meek*, 998 F.2d 776, 779 (10th Cir. 1993); *Sansone v. United States*, 380 U.S. 343, 351 (1965).

## III. STATUTORY PENALTIES

The maximum statutory penalty for a violation of 26 U.S.C. § 7201 is as follows: not more than 60 months of imprisonment; a fine of not more than the greater of $250,000.00 or twice the gain or loss from the offense, or both; not more than 3 years of supervised release; a $100.00 special assessment fee; the costs of prosecution; plus restitution as be determined by the court. If probation or supervised release is imposed, a violation of any condition of probation or supervised release may result in a separate prison sentence and additional supervision.

## IV. COLLATERAL CONSEQUENCES

The conviction may further cause the loss of certain civil rights, including, but not limited to, the right to possess a firearm, vote, hold elected office, and sit on a jury.

## V. STIPULATION OF FACTS

The parties agree that there is a factual basis for the guilty plea that the defendant will tender pursuant to this plea agreement. That basis is set forth below. Because the Court must, as part of its sentencing methodology, compute the advisory guideline range for the offense of conviction, consider relevant conduct, and consider the other factors set forth in 18 U.S.C. § 3553, additional facts may be included below which are pertinent to those considerations and computations. To the extent the parties disagree about the facts set forth below, the stipulation of facts identifies which facts are known to be in dispute at the time of the execution of the plea agreement.

This stipulation of facts does not preclude either party from hereafter presenting the Court with additional facts which do not contradict facts to which the parties have stipulated and which are relevant to the Court's guideline computations, to other 18 U.S.C. § 3553 factors, or to the Court's overall sentencing decision.

The parties agree that the date on which relevant conduct began was in January 1, 2005.

The parties agree that the government's evidence would be as follows:

At all relevant times and beginning in at least 2003, the defendant was a resident of Denver, Colorado and operated a pizza business known as Euphrates Pizza, doing business as Famous Pizza (Famous Pizza), in the State and District of Colorado. The

defendant operated Famous Pizza as a sole proprietorship and the income and expenses associated with the business were reported on Schedule C, Profit and Loss From Business, attached to the defendant's U.S. Individual Income Tax Returns, Forms 1040.

The defendant maintained business bank accounts in the name of Famous Pizza including account number x6430 at Compass Bank and account number x8382 at Wells Fargo Bank. The defendant was the sole signature authority for these business bank accounts. The defendant also maintained a personal bank account at Wells Fargo Bank with account number x9506.

From at least January 1, 2007, through at least October 15, 2008, in the District of Colorado and elsewhere, the defendant, a resident of Denver, Colorado, who during the calendar year 2007 was married, did willfully attempt to evade and defeat a large part of the income tax due and owing by him and his spouse to the United States of America for the calendar year 2007.

The defendant committed affirmative acts of evasion including, but not limited to, on or about October 15, 2008, preparing and causing to be prepared, and signing and causing to be signed, a false and fraudulent joint U.S. Individual Income Tax Return, Form 1040, on behalf of himself and his spouse, which was filed with the Internal Revenue Service, and which substantially understated income and tax due by reporting taxable income as $154,674.00, and total tax as $32,862.00, after knowingly omitting substantial additional income from the operation of Famous Pizza. In addition, on at least three separate occasions, including April 14, 2008, May 19, 2008, and July 21,

2008, the defendant met with IRS personnel and gave numerous false and inconsistent answers to questions related to, among other things, cash on hand. In further attempts to conceal his true income from the IRS, the defendant, among other things, maintained incomplete and inaccurate records from the operation of his business and reported inconsistent and inaccurate figures on his filed tax returns. The defendant took the above-listed affirmative acts, willfully, that is, with the intent to violate a known legal duty.

As demonstrated by an analysis of the defendant's bank records, the defendant's actual income for 2007 was approximately $329,740. As a result of his underreporting of approximately $175,066 in income, the defendant was able to underreport income tax due and owing in the amount of approximately $61,936.

The defendant also knowingly and willfully underreported his income on his 2005 and 2006 tax returns. The additional tax due and owing for tax year 2005 was $29,002, and the additional tax due and owing for 2006 was $55,177. The total additional tax due and owing for calendar years 2005, 2006, and 2007, including relevant conduct, as a result of the defendant's conduct, is $146,115.

## VI. SENTENCING COMPUTATION AND 3553 ADVISEMENT

The parties understand that the imposition of a sentence in this matter is governed by 18 U.S.C. § 3553. In determining the particular sentence to be imposed, the Court is required to consider seven factors. One of those factors is the sentencing range computed by the Court under advisory guidelines issued by the United States Sentencing Commission. In order to aid the Court in this regard, the parties set forth

below their estimate of the advisory guideline range called for by the United States Sentencing Guidelines. To the extent that the parties disagree about the guideline computations, the recitation below identifies the matters which are in dispute.

A. The appropriate Guideline is §2T1.1. The base offense level is the level from §2T4.1 (Tax Table) corresponding to the tax loss of greater than $80,000 and less than $200,000, which is level 16.

B. There are no victim-related or role-in-offense adjustments. The government agrees not to seek any additional enhancements or adjustments at sentencing, except for conduct occurring after the entry of this plea agreement.

C. The adjusted offense level is 16.

D. Pursuant to §3E1.1(a) and (b), and provided that he continues to act in a manner consistent with acceptance of responsibility through the date of sentencing, the defendant should receive the full three-level reduction for acceptance of responsibility. The resulting offense level would be 13.

E. The parties understand that the defendant's criminal history computation is tentative. The criminal history category is ultimately determined by the Court. The information, however, known to the parties shows that the defendant does not appear to have any prior criminal history. Accordingly, the defendant's criminal history category is estimated to be Category I.

F. Assuming the tentative criminal history facts above are accurate, the career offender/criminal livelihood/armed career criminal adjustments do not apply.

G. The guideline range resulting from the estimated offense level above, and the tentative criminal history category above, is 12 to 18 months. The government agrees to recommend to the Court a sentence of one year and one day.

I. Pursuant to guideline §5E1.2, assuming the estimated offense level above is accurate, the fine range for this offense would be $3,000 to $30,000, plus applicable interest and penalties.

I. Pursuant to §5D1.2, if the court imposes a term of supervised release, that term shall be 3 years. The government agrees that, if the defendant has paid restitution by the date of sentencing, or pays restitution at some point after the imposition of supervised release, the government will not oppose the defendant's traveling overseas during the remainder of his term of supervised release.

J. Restitution will be determined by the Court at the time of sentencing.

The parties understand that although the Court will consider the parties' estimate, the Court must make its own determination of the guideline range. In doing so, the Court is not bound by the position of any party.

No estimate by the parties regarding the guideline range precludes either party from asking the Court, within the overall context of the guidelines, to depart from that range at sentencing if that party believes that a departure is specifically authorized by the guidelines or that there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the United States Sentencing Commission in formulating the advisory guidelines. Similarly, no estimate by the parties regarding the guideline range precludes either party from asking the Court to vary

entirely from the advisory guidelines and to impose a non-guideline sentence based on other 18 U.S.C. § 3553 factors.

## VII. ENTIRE AGREEMENT

This document states the parties' entire agreement. There are no other promises, agreements (or "side agreements"), terms, conditions, understandings, or assurances, express or implied. In entering this agreement, neither the government nor the defendant has relied, or is relying, on any terms, promises, conditions, or assurances not expressly stated in this agreement.

Date: 2/12/14

Abdelhamid M. Horany
Defendant

Date: 2/12/14

Edward Harris
Attorney for Defendant Horany

Date: 2/12/14

Hayden M. Brockett
Trial Attorney
Department of Justice, Tax Division

Date: _____

Timothy J. Stockwell
Trial Attorney
Department of Justice, Tax Division